**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **CLIFFORD BENJAMIN KINKADE,** <br><br> Defendant. | No. 17-03073-01-CR-S-MDH |

**UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR
A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)**

The United States of America, through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. §§ 3142 (e)(3)(A), (e)(3)(B), (f)(1)(D), (f)(2)(A) and (f)(2)(B). At this hearing the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves a crime of violence as defined in Title 18, United States Code, Section 3156(a)(4)(C), which includes the offenses of sexual exploitation of a child in violation of Title 18, United States Code, Chapter 110, Section 2251(a), coercion and enticement in violation of Title 18, United States Code, Chapter 117, Section, 2422(b), and

travel in interstate commerce with the intent to engage in illicit sexual activity in violation of Title 18, United States Code, Chapter 117, Section 2423(b).

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

   a. When there is a serious risk that the defendant will flee; or,

   b. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *See 18 U.S.C. §     3142(f)(2)(A) and (B).*

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves use of interstate commerce to employ, use, persuade, induce, entice, and coerce a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; this matter involves the use of interstate commerce to coerce or entice a minor to engage in sexual activity for which a person can be charged with a criminal offense; and this matter involves traveling in interstate commerce for the purpose of engaging in any illicit sexual conduct with another person. S*ee 18 U.S.C. §§  3142(f)(1)(A).* Further, there is a serious risk that the defendant's release will present a substantial risk to the community. *See 18 U.S.C. § 3142(f)(2)(A) and (B).*

4. The crimes alleged in the Indictment requires the Court to consider a rebuttable presumption that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. *18 U.S.C.§ 3142(e)(3)(A).*

5. Moreover, the nature and circumstances of the charged offenses, the weight of the

evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

6. The government is aware of the following evidence:

    a. In relation to the nature and circumstances of the offenses charged, on June 13, 2017, a grand jury returned a three-count indictment charging the defendant with sexual exploitation of a minor in violation of Title 18, United States Code, Chapter 110, Sections 2251(a) and (e), coercion and enticement of a minor in violation of title 18, United States Code, Chapter 117, Section 2422(b), and travel with the intent to engage in illicit sexual conduct in violation of Title 18, United States Code, Chapter 117, Section 2423(b). The defendant was communicating with a 14-year-old minor female, Jane Doe, online through multiple applications, such as KIK, Skype, and Snapchat. The defendant sent sexually explicit images to Jane Doe and requested Jane Doe send him sexually explicit images and videos as well, which Jane Doe did. The defendant also traveled to the State of Kentucky, from the State of Missouri, to meet with Jane Doe in person.

    b. In relation to the weight of the evidence supporting the charges in the Indictment, On October 19, 2016, The defendant called the Ohio Internet Crimes Against Children (ICAC) headquarters and spoke with Investigator Beth Crano. The defendant called the Ohio ICAC about a "hacker" who was downloading child pornography onto all of his devices. The defendant claimed he was targeted for

hacking because he was talking to teenage girls in Kentucky. The defendant stated he had traveled to Kentucky on October 15, 2016, to help a 14-15 year old girl, who he believed was going to be abducted. Upon arriving in Kentucky, he attempted to make a report with the Kentucky State Police (KSP), and they told him to leave the state. The defendant stated he drove back to Missouri and succeeded in capturing the hacker in the basement. The defendant said, after he caught the hacker, the hacker's friends started shooting lasers into his house. The defendant said he went outside and discharged his firearm twice to scare away the hacker's friends. The defendant went on to explain that his computers are constantly downloading child pornography. The defendant believed that his PC touch computer had photo-editing software on it that made it look as if he was producing child pornography. The defendant stated he called the Ohio ICAC because he did not want to be arrested for having child pornography on his devices. The defendant stated he did not want a bunch of cops out at his house. On October 17, 2016, Kentucky State Police Detective J. Sims made contact with the Green County Sheriff's Office requesting that the defendant be told to cease any communications with 14-year-old Jane Doe, and her friends, living in Kentucky. Det. Sims reported that the defendant had shown up in Kentucky on October 15, 2016, claiming someone planted child pornography on his computer and that he was trying "help" the Jane Doe. On October 21, 2016, Springfield Police Department (SPD) Computer Forensic Analyst (CFA) Michael Costello conducted forensic examinations on electronic devices that had been seized from the defendant. CFA Costello located messages between Jane Doe and the defendant that were sexual in nature, such as

the example below:

Defendant: *So I need to cum tonight about going to do it watch you take a shower or tell you what do for me in your room. Or none at all no cum*

Jane Doe: *Idk how could you watch me shower so I guess my room. Though I'd still like to surprise you or just do whatever at times. It really depends*

Defendant: *you just set your phone on thesink point st shower. Well what is it I'm going to cum so fast it won't matter. All I now is I been waiting three days to see you shake your fuck beautiful ass for me*

Defendant: *you are going to shake ass for me*

Jane Doe: *Hm what will you do if I don't*

Defendant: *That. Then stick my cock in your mouth. Make you ass face the camera so I. cum on it.*

**WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

    Respectfully submitted,

    Thomas M. Larson
    Acting United States Attorney

By    */s/ Ami Harshad Miller*
    Ami Harshad Miller
    Assistant United States Attorney
    Missouri Bar No. 57711
    901 St. Louis Street, Ste. 500
    Springfield, Missouri 65806

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a copy of the foregoing was delivered on June 15, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney