# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CLIFFORD KINKADE, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil No. 21-03143-CV-S-MDH-P <br> Crim. No. 17-03073-01-CR-S-MDH |

## ORDER

Movant filed this case pro se pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence entered against him in the above-cited criminal case. Doc. 1. For the reasons explained below, Respondent's motion to dismiss (Doc. 8) is **GRANTED** as the case is untimely filed. *See* § 2255(f). The Court also **DENIES** a certificate of appealability.

**I.     Background**

On June 13, 2017, an indictment was returned in the Western District of Missouri, charging Movant with sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e) (Count One); coercion and enticement, in violation of 18 U.S.C § 2422(b) (Count Two); and traveling across state lines with the intent to engage in illicit sexual activity with a minor, in violation of 18 U.S.C. § 2423(b) (Count Three). Crim. Doc. 1.[1] Movant entered into a plea agreement with the Government, wherein Movant agreed to plead guilty to Count Two of the indictment. Crim. Doc. 42. Pursuant to the plea agreement, Movant conceded, in pleading guilty to Count Two, Movant waived "his right to appeal his sentence directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." *Id*. at 10.

Movant pleaded guilty to Count Two, and on June 26, 2019, the Court sentenced Movant to 240 months' imprisonment. Crim. Doc. 62.

Notwithstanding Movant's appeal waiver, Movant appealed and argued *inter alia*, the District Court erred in granting the Government's leave to file objections to the presentence report out of time, applying a five-level enhancement for a repeat and dangerous sex offender, and awarding restitution. *See United States v. Kinkade*, No. 19-2387, Entry ID: 4841845 (8th Cir. Oct. 15, 2019). Movant also

---

[1]     "Crim. Doc." refers to the docket entries in Movant's criminal case: 17-03073-01-CR-S-MDH. "Doc." refers to the docket entries in Movant's pending civil case: 21-03143-CV-S-MDH-P.

argued that his appeal was not within the scope of the appellate waiver in his plea agreement. *Kinkade*, No. 19-2387, Entry ID: 4833656 (8th Cir. Sept. 23, 2019). On November 20, 2019, the Eighth Circuit granted appellee's motion to dismiss and on January 14, 2020, issued its mandate. Crim. Docs. 73, 74. Movant did not seek a writ of certiorari.

Movant now seeks relief pursuant to 28 U.S.C. § 2255 contending ineffective assistance of counsel and prosecutorial misconduct. Doc. 1. In response, Respondent filed a motion to dismiss Movant's case as untimely. Doc. 8.

## II. Legal Standard

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citations omitted).

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (citation and quotation marks omitted). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## III. Analysis

As to the timeliness of Movant's motion, while Respondent argues the motion is untimely, warranting dismissal, Movant contends his motion is timely. Specifically, Movant asserts, his motion, "[b]eing filed pursuant to the BOP mailbox rule pursuant to the determination as set out in *Clay v. U.S.*, 537 U.S. 522 (2003) and timely pursuant to the Supreme Court's Order decided March 19, 2020 and supplemented by its Order dated April 15, 2020." Doc. 1 at 10. Movant also argues, *inter alia*, his petition is timely pursuant to 28 U.S.C. § 2101(c) and *Hibbs v. Winn*, 542 U.S. 88 (2004) and Movant's

appellate counsel was ineffective in failing to advise Movant of necessary deadlines. *See* Doc. 11. Movant further asserts abandonment by his counsel. *Id*.

28 U.S.C. § 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws or the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

A one-year period of limitation applies in § 2255 cases. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (recognizing the Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on § 2255 motions). Motions that are not filed within this time frame should be dismissed as untimely. *See Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999); *Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). Although "not a jurisdictional bar," *Moore*, 173 F.3d at 1134, a district court is precluded from considering the merits of untimely claims where, as here, the Government timely raises a statute-of-limitation defense. *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

Under § 2255(f), the one-year limitation period begins to run, as relevant here, from the date on which the judgment of conviction becomes final. For § 2255(f)(1) purposes, a judgment of conviction becomes final on the date when the time for filing a notice of appeal expires; it does not extend to the date on which any untimely appeal nevertheless pursued is denied as untimely. *See Roberts v. United States*, No. 13-0772-CV-W-FJG, 2013 WL 5934134, at *1 (W.D. Mo. Nov. 4, 2013) (movant's judgment became final under § 2255(f)(1) "when the fourteen-day period for taking a direct appeal . . . expired"); *see generally Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on a § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition of certiorari contesting the appellate court's affirmation of the conviction.").

Here, the Eighth Circuit granted appellee's motion to dismiss on November 20, 2019. After the dismissal, Movant had 90 days, until February 18, 2020, to file a petition for a writ of certiorari to the Supreme Court. Movant did not file a certiorari petition, and his conviction became final. Movant had until February 18, 2021, to file a timely § 2255 motion. On May 31, 2021, Movant filed the § 2255 motion currently pending before the Court.[2] Because Movant did not file his § 2255 motion until May 31, 2021, his motion is untimely under § 2255(f)(1).

> *a)* ***Movant's motion is not timely pursuant to Clay v. United States, 537 U.S. 522 (2003).***

Movant's motion asserts his motion is timely pursuant to *Clay v. United States*, 537 U.S. 522 (2003). As noted above, in *Clay*, the Supreme Court held: "For the purpose of starting the clock on a § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition of certiorari contesting the appellate court's affirmation of the conviction." 537 U.S. at 525. Applying Supreme Court precedent, the date upon which Movant's conviction became final was February 18, 2020. Movant did not file his motion until May 31, 2021, nearly three months after February 18, 2021. This case does not support Movant's contention that his motion is timely.

> *b)* ***The Supreme Court's extension of deadlines is inapplicable to Movant's motion.***

Next, regarding Movant's argument that the Supreme Court's extension of the deadline in which to file a petition for writ of certiorari makes his motion timely, Respondent accurately notes this argument is inapplicable to Movant's case:

> On March 19, 2020, because of the COVID-19 pandemic, the Supreme Court extended the deadline to file petitions for writs of certiorari in all cases due on or after the date of that order to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing. However, since Kinkade's one-year period expired on February 18, 2020, more than a month prior to the Court's order, it had no effect on his case and did not give him an additional 60 days to file his petition for certiorari.

Doc. 8 at 3, n. 3; *see also* Order List: 589 U.S. (March. 19, 2020). The Supreme Court's extension, therefore, has no impact on Movant's case.

---

[2] Under the prison mailbox rule, a § 2255 motion is deemed timely filed when an inmate deposits the notice in the prison mail system prior to the expiration of the filing deadline. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); Fed. R. App. P. 25(a)(2)(A)(iii); Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts.

c) ***Movant's motion is not timely pursuant to Hibbs v. Winn, 542 U.S. 88 (2004) and Movant is not entitled to equitable tolling.***

In his response to Respondent's motion to dismiss, Movant asserts his petition is timely pursuant to 28 U.S.C. § 2101(c) and *Hibbs v. Winn*, 542 U.S. 88 (2004). Doc. 11 at 1. In *Hibbs*, the Supreme Court addressed whether the petition for writ of certiorari was jurisdictionally untimely under 28 U.S.C. § 2101(c) and the Court's Rules. *Id*. at 96-97. Relevant to Movant's case, the Supreme Court opined:

> Section 2101(c) instructs that a petition for certiorari must be filed 'within ninety days after the entry of ... judgment.' This Court's Rule 13.3 elaborates:
>
> > 'The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.'

*Id*. at 97. A review of Movant's appeal, however, shows that while the Court of Appeals for the Eighth Circuit granted counsel's motion to withdraw and directed a petition for rehearing be submitted by January 2, 2020, Movant failed to file any petition for rehearing. *See United States v. Kinkade*, No. 19-2387, Entry ID: 4841845 (8th Cir. Dec. 5, 2019).

And while Movant also cites to *Missouri v. Jenkins*, 495 U.S. 33 (199), in support of his argument that his motion is timely (Doc. 11 at 6), again this case does not support Movant's argument. In *Jenkins*, the Court reasoned:

> Since *Department of Banking of Nebraska v. Pink,* 317 U.S. 264, 63 S.Ct. 233, 87 L.Ed. 254 (1942), it has been the consistent practice of the Court to treat petitions for rehearing timely presented to the Courts of Appeals as tolling the start of the period in which a petition for certiorari must be sought until rehearing is denied or a new judgment is entered on the rehearing. As was explained in *Pink,* '[a] timely petition for rehearing ... operates to suspend the finality of the ... court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.' *Id.,* at 266, 63 S.Ct., at 234. To put the matter another way, while the petition for rehearing is pending, there is no 'judgment' to be reviewed. Cf. *Zimmern v. United States,* 298 U.S. 167, 169, 56 S.Ct. 706, 707, 80 L.Ed. 1118 (1936); *Leishman v. Associated Wholesale Electric Co.,* 318 U.S. 203, 205, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943).

*Id*. at 45-46 (footnotes omitted). Because Movant failed to file a timely petition for rehearing, neither Supreme Court case supports Movant's argument that his motion is timely. Consequently, the deadline in which to file a petition for writ of certiorari was not extended and Movant's motion is untimely.

Last, regarding Movant's contention that he is entitled to equitable tolling because appellate counsel "abandoned" Movant, equitable tolling is appropriate when (1) extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or (2) when conduct of the defendant has lulled the prisoner into inaction. *Green v. United States*, 2019 WL 2051955, at *2 (W.D. Mo. May 8, 2019). The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The petitioner must demonstrate "diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005). Equitable tolling grants a movant an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The burden of demonstrating the grounds warranting equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003).

Here, Movant has made no such showing. Movant asserts his counsel was deficient for, *inter alia*, (1) failing to advise Movant that "the Appellate Court's extension order dated December 5, 2019, setting 1/2/2020 as the deadline granting for [Movant] to file a motion for rehearing would not extend the deadline to file a petition for certiorari in the S.Ct."; and (2) abandoning Movant. *See* Doc. 11.

As to Movant's abandonment argument, the record reflects appellate counsel timely and properly moved to withdraw as counsel. The appellate court granted counsel's motion and granted Movant an extension of time in which to submit his petition for rehearing. Movant failed to file a petition for rehearing as directed by the appellate court and Movant is thus, not entitled to equitable tolling on this ground.

Next, insofar as Movant makes the conclusory assertion that counsel misinformed him or that Movant was unaware as to the deadline in which to file a petition for writ of certiorari, again, the Court of Appeals expressly stated, in its Order granting counsel's motion to withdraw, the deadline to file a petition for rehearing. In any event, insofar as Movant's counsel made any error in informing Movant of necessary deadlines, "the majority of circuits, including the Eighth Circuit, have denied equitable tolling due to an attorney's miscalculation of the filing deadline." *Whitehill v. United States*, No. 04-00380-01CRWNKL, 2010 WL 1488109, at *2 (W.D. Mo. Apr. 13, 2010) (citing *Rouse v. Lee,* 339

F.3d 238, 248–49 (4th Cir.2003); *see also Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) ("We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling.")).

Finally, to the extent Movant asserts his lack of knowledge entitles him to equitable tolling, "[i]n the Eighth Circuit, equitable tolling is not warranted for a *pro se* inmate who claims to lack legal knowledge or legal resources." *Id*. at *3 (citing *Kreutzer,* 231 F.3d at 463).

Consequently, Movant's allegations are denied as barred by the one-year statute of limitations and are not subject to equitable tolling. Because the one-year period of limitation in § 2255(f) expired before Movant filed this case, the Court must dismiss the case without further review of Movant's claims. *Craycraft*, 167 F.3d at 456-57.

## IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

## V. Conclusion

Accordingly, for the reasons explained above, Respondent's Motion to Dismiss (Doc. 8) is **GRANTED**. Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied as untimely, a certificate of appealability is denied, and this case is dismissed.

**IT IS SO ORDERED.**

/s/ Douglas Harpool
DOUGLAS HARPOOL, JUDGE
UNITED STATES DISTRICT COURT

Dated: August 13, 2021